**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**STACIE COLLINS**
**ADC #712348**                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:14-CV-399 DPM/BD**

**MAYES**                                                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**    **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District D.P. Marshall Jr.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail all objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.   <u>Discussion</u>:

Stacie Collins, an Arkansas Department of Correction inmate housed at the McPherson Unit, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #1)  Ms. Collins alleges that, while she was housed at the Tucker Unit, she refused to comply with an order given by Drill Instructor Mayes and that Defendant Mayes verbally threatened her after her refusal.  Ms. Collins explains that she disobeyed the order because she was dressed only in her nightgown and that complying would have placed her in a position that would have exposed her body to Defendant Mayes as well as other inmates.

Federal courts must screen prisoner complaints that seek relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a for relief; or that seek money from a defendant who is immune from paying damages are to be dismissed before the defendants are served.  28 U.S.C. § 1915A.  Here, Ms. Collins's claims should be DISMISSED, without prejudice, for failure to state a federal claim for relief.

First, verbal harassment and name calling does not rise to a constitutional level. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).  Thus, allegations relating to Defendant Mayes's threatening comments are not sufficient to state a federal claim.

2

Furthermore, Ms. Collins does not indicate that she was harmed in any compensable way by the encounter with Defendant Mayes.  In her prayer for relief, Ms. Collins asks that she either be re-instated to the boot camp program or that her release date restored to the date projected if she had completed the boot camp program.  From the face of the complaint, however, it appears that Ms. Collins had already left the boot camp program, whether voluntarily or not, prior to the incident with Defendant Mayes. According to her complaint, Ms. Collins had "signed out of the Tucker Unit Book Camp Program" and was waiting for "McPherson [correctional officers] to [come] back and pick [her] up" at the time of the incident with Defendant Mayes.  (#1 at p.4)  There is no indication that Ms. Collins was discharged from the program as punishment for refusing Defendant Mayes's order.[1]

## III.  **Conclusion:**

The Court recommends that Ms. Collins's claims be DISMISSED, without prejudice, this 9th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In her complaint, Ms. Collins concedes that she did not filed a grievance with the prison prior to filing her complaint.  Prisoners are required to exhaust administrative remedies before filing a § 1983 lawsuit.  Because this is an affirmative defense, however, the Court does not recommend dismissing Ms. Collins's complaint based on failure to exhaust administrative remedies.